## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CIRCLE Y OF YOAKUM, TEXAS, | ) | Case No.  03-12465 (MFW) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary No. A-05-52254 (MFW) |
| v. | ) | |
| | ) | |
| STEPHEN G. DENT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary No. A-05-52253 (MFW) |
| v. | ) | |
| | ) | |
| DENT and COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### OPINION[1]

Before the Court are the joint Motions of Stephen G. Dent

("Dent") and Dent and Company, Inc., (collectively, the

"Defendants") for partial dismissal of the complaints against

---

[1]  This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

them and for an extension of time to answer the remainder of the
amended complaints and the Motion of Jeoffrey L. Burtch, the
chapter 7 trustee (the "Trustee"), for consolidation of the
adversary proceedings against the Defendants and for leave to
file a Second Amended Complaint.  All except the request for
consolidation is opposed.  For the reasons set forth below, the
Court will grant both Motions in part.


I.   BACKGROUND

On August 7, 2003, Circle Y of Yoakum, Texas (the
"Debtor")filed a voluntary petition for relief under chapter 7 of
the Bankruptcy Code.[2]  On August 20, 2003, the Trustee was
appointed.

On August 5, 2005, the Trustee filed Complaints (the
"Original Complaints") against the Defendants seeking to avoid
and recover alleged preferential and fraudulent transfers
pursuant to sections 547(b), 548(a)(1)(A)-(B), 544(b) (applying
the Uniform Fraudulent Transfer Act ("UFTA")), and 550 of the
Bankruptcy Code.  Specifically, the Trustee sought to avoid and

---

[2]  At the time of the events mentioned in the Complaints,
Circle Y was a wholly owned subsidiary of CY Holding Corporation
("CY").  CY was a wholly owned subsidiary of Western Equestrian
Group, LLC ("WEG").  WEG was a wholly owned subsidiary of
Equestrian Sports International, LLC ("ESI").  Dent was the sole
member of ESI.

recover thirteen $20,000 payments – totaling $260,000 – made to Dent and Company between February 2000 and October 2002 and six payments – totaling $247,028 – made to Dent.[3]

On December 2, 2005, the Trustee filed amendments to the Original Complaints (the "Amended Complaints") against the Defendants.  The Trustee sought to recover twenty additional payments – totaling $620,000 – made to Dent and Company through November 2002.  The Trustee also sought to recover twelve more payments in varying amounts – totaling $198,650 – made to Dent between March 2000 and January 2002.

On January 27, 2006, the Defendants each filed a Motion to dismiss.  On August 5, 2006, the Trustee filed a Motion to amend the Complaint.  The proposed Second Amended Complaint adds two new causes of action:  one against Dent for breach of fiduciary duty and one against Dent and Company for aiding and abetting the breach of fiduciary duty.  The Second Amended Complaint also adds information concerning a management services contract ("Management Agreement") between WEG and Dent and Company that sheds light on the alleged scheme surrounding some of the payments.

---

[3]  At the time of the transfers, Dent was the Vice-Chairman and sole director of the Debtor and President of Dent and Company.

Briefing on both Motions is complete, and the Motions are ripe for decision.

II.  <u>JURISDICTION</u>

This is a core proceeding.  The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) & 157(b)(2)(A), (F), & (H).

III.  <u>DISCUSSION</u>

A.   <u>Motions for Partial Dismissal</u>

The Defendants jointly move for partial dismissal of the claims against them in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.  Specifically, they contend dismissal is warranted "for failure of the pleading to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

1.   <u>Standard of Review</u>

To be successful on a motion to dismiss, the movant must establish "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  "A complaint will withstand an attack under [Rule] 12(b)(6) if the material facts

4

as alleged, in addition to inferences drawn from those
allegations, provide a basis for recovery." Emerson v. Thiel
Coll., 296 F.3d 184, 188 (3d Cir. 2002). See also  Albright v.
Oliver, 510 U.S. 266, 268 (1994); In re Rockefeller Ctr. Props.,
Inc., 311 F.3d 198, 215 (3d Cir. 2002).  When there is ample time
left for discovery, a complaint will survive a motion to dismiss
if it provides enough detail to ensure fair notice of the alleged
claims.  See Conley, 355 U.S. at 47-48.

      2.   Preference and Fraudulent Transfer Counts

The Defendants move for dismissal of the preference and
fraudulent transfer claims that pertain to payments not made
within one year of the petition date.  They assert that under
sections 547 and 548 of the Bankruptcy Code, the Trustee can only
avoid transfers made within one year of the filing of the
bankruptcy petition.  The Trustee does not refute the one-year
requirement in his response.

The Court agrees with the Defendants.  The transfers at
issue occurred before the effective date of the Bankruptcy Abuse
Prevention and Consumer Protection Act ("BAPCPA").  Pub. L. 109-
8, 119 Stat. 23 (2005).  Consequently, the pre-BAPCPA provisions
apply.  Pub. L. 109-8, § 1501, 119 Stat. 23, 216 (2005)
(providing that Act takes effect 180 days after date of
enactment).  Pre-BAPCPA, section 547(b) provided in relevant

part:

> (b) Except as provided in subsection (c) of this
> section, the trustee may avoid any transfer of an
> interest of the debtor in property —
> > . . .
> > (4) made—
> > > (A) <u>on or within 90 days before the
> > > date of the filing of the petition;</u>
> > > or
> > > (B) <u>between ninety days and one
> > > year before the date of the filing
> > > of the petition,</u> if such creditor
> > > at the time of such transfer was an
> > > insider . . . .

11 U.S.C. § 547(b) (2004) (emphasis added).

Similarly, section 548 places a one-year time limit on the Trustee's avoidance powers.  11 U.S.C. § 548(a)(1) (2004) (permitting the avoidance of a fraudulent transfer that "was made or incurred on or within one year before the date of the filing of the petition . . . .").  Consequently, the Court concludes that neither section 547 nor 548 allows avoidance of transfers that were not made on or within one year of the petition date.

In this case, the petition was filed on August 7, 2003. Therefore, the Trustee may only avoid preferential and fraudulent transfers that were made between August 7, 2003 and August 7, 2002.  The eighteen payments to Dent, which the Trustee seeks to avoid, were made before August 7, 2002.  (<u>See</u> Dent Amended Complaint, Exhibit A.)  Thirty of the thirty-three payments made to Dent and Company, which the Trustee seeks to avoid, were

6

similarly made before August 7, 2002. (<u>See</u> Dent and Company
Amended Complaint, Exhibit A.)

Therefore, with respect to the payments made before August
7, 2002, one of the required elements of a cause of action under
either section 547 or 548 is not satisfied. <u>See</u> <u>In re M Group,
Inc.</u>, 308 B.R. 697, 700 (Bankr. D. Del. 2004) (citation omitted)
("Unless each and every one of these elements is proven, a
transfer is not avoidable as a preference under 11 U.S.C. §
547(b)."); <u>Hassett v. Zimmerman (In re O.P.M. Leasing Servs.,
Inc.)</u>, 32 B.R. 199, 201 (Bankr. S.D.N.Y. 1983) (dismissing a
section 548 claim pursuant to Rule 12(b)(6) because the
transaction occurred more than one year before the petition).

Accordingly, the Court concludes that the Trustee's claims
to avoid transfers under sections 547 and 548 should be dismissed
for failure to state a claim, except for the three payments made
to Dent and Company within the year before the bankruptcy filing.

    3.  <u>Fraud Claims</u>

        a.  <u>Claim Under Section 544 Against Dent</u>

The Defendants contend that because the Court must dismiss
the claims against Dent under sections 547 and 548, it must also
dismiss the claim against him under section 544. Specifically,
they argue that the claim under section 544 is based solely on
Delaware law and is the only substantive claim left after

dismissal.  For that reason, they contend the Court no longer has jurisdiction to hear the claim.

The Trustee, on the contrary, asserts that the Court does not lose jurisdiction because the claim is a core matter.  28 U.S.C. § 157(B)(2)(A), (F), and (O) (2006).

The Court agrees with the Trustee.  An avoidance action under section 544 is a core proceeding, even though it relies on state law.  A section 544 claim, although ultimately based on state law (UFTA), is a core matter because it is a proceeding "to determine, avoid, or recover fraudulent conveyances." 28 U.S.C. § 157(b)(2)(H) (2006); In re Mankin, 823 F.2d 1296, 1298-1300 (9th Cir. 1987) (concluding that a fraudulent conveyance action under section 544 was a core proceeding).  See also 28 U.S.C. § 157(b)(3) (2006) ("A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.").

Consequently, the Court will not dismiss the claim against Dent under section 544.

b.   Sufficient Particularity

The Defendants further argue that the fraudulent transfer claims under sections 544 and 548 should also be dismissed because they were not pled with sufficient particularity.  Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the

8

circumstances constituting fraud or mistake shall be stated with particularity."). In this case, the Amended Complaints simply recite the statutory elements of fraud without adequate factual support.

The Trustee responds that in bankruptcy cases more liberality is afforded to pleadings of fraud. See, e.g., In re Global Link Telecom Corp., 327 B.R. 711, 717 (Bankr. D. Del. 2005) (using the liberality approach); O.P.M. Leasing Servs., 32 B.R. at 203.

While the Court applies the liberal pleading standard, the Court agrees with the Defendants' argument. To plead fraud, the Trustee cannot merely recite the statutory elements. Global Link Telecom, 327 B.R. at 718 (concluding that "even under the more liberal pleading requirements applicable in [the] case, the Amended Complaint still fail[ed] to meet its burden. . . . [I]t simply allege[d] the statutory elements of a constructive fraud action under section 548(a)(1)(B)."). Here, the Trustee recites general, conclusory allegations that almost completely parrot the statutory language. (See Original Complaints, Counts I and II.) The fraud claims "smack[] of multiple choice or menu pleading." O.P.M. Leasing Servs., 32 B.R. at 204.

Consequently, the Court will dismiss the fraud claims. The Court, however, will grant the Trustee leave to amend his

Complaint to add specific facts regarding the alleged fraudulent
activity. Global Link Telecom, 327 B.R. at 718 (granting leave
to amend, after dismissing fraud claim under Rule 9(b)); Fed. R.
Civ. P. 15(a) ("A party may amend the party's pleading . . . by
leave of court . . . and leave shall be freely given when justice
so requires.").

### 4.   Claims Added in First Amended Complaints

The Defendants argue that the claims added in the First
Amended Complaints should be dismissed because they are barred by
the statute of limitations.  The Trustee responds that, although
the deadline to file the claims passed, the claims relate back to
the Original Complaints.  The Trustee asserts that this is
appropriate because the Defendants had sufficient notice of the
claims and the transfers arose from the same conduct,
transaction, or occurrence as the claims in the Original
Complaint.  See Fed. R. Civ. P. 15(c) (made applicable to
adversary proceedings by Federal Rule of Bankruptcy Procedure
7015).

The Defendants argue that the claims do not "relate back" to
the Original Complaints because each allegedly avoidable transfer
is a separate claim.  See In re Metzeler, 66 B.R. 977, 984
(Bankr. S.D.N.Y. 1986) (concluding that each preferential and
fraudulent transfer is a separate and distinct transaction and

10

does not relate back "merely because [they all] bear the same label").  See also Peltz v. CTC Direct, Inc. (In re MBC Greenhouse Co.), 307 B.R. 787, 793 (Bankr. D. Del. 2004) (determining that commonality does not necessarily exist between transfers made to similar payees).

Section 546(a) provides a two-year statute of limitations for the commencement of preference and fraudulent conveyance actions, running from the filing of the case on August 7, 2003. Thus, the statute of limitations expired on August 7, 2005, months before the First Amended Complaint was filed on December 2, 2005.  Therefore, unless the claims in the Amended Complaint relate back to the date of the Original Complaint, they must be dismissed.  Rouge Steel Co. v. Omnisource Corp. (In re Rouge Indus.), No. A-05-52242, 2006 WL 148946, at *2-4 (Bankr. D. Del. 2006) (concluding that a claim must relate back to the original pleadings to be added after the statute of limitations has expired).

"An amendment relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c).  The central consideration of Rule 15(c)(2) is whether there is a nexus between the factual

allegations in the original pleading and those in the amended
complaint.  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147,
150 n.3 (1984) (citation omitted) ("The rationale of Rule 15(c)
is that a party who has been notified of litigation concerning a
particular occurrence has been given all the notice that statutes
of limitations were intended to provide."); MBC Greenhouse, 307
B.R. at 790 ("An amendment of a pleading relates back to the date
of the original pleading when . . . [a party] has received such
notice of the institution of the action that the party will not
be prejudiced in maintaining a defense on the merits."); Brandt
v. Gerardo (In re Gerardo Leasing, Inc.), 173 B.R. 379, 388
(Bankr. N.D. Ill. 1994) (stating that notice is the most
important factor in determining if an amendment relates back).

        The Trustee argues that the Complaints provided the proper
notice.  In particular, the Trustee asserts paragraph 24 of the
Original Dent Complaint and paragraph 23 of the Original Dent and
Company Complaint stated: "The Trustee reserves his right to
amend this Original Complaint to include . . . additional
Transfers . . . and for the Amendments to relate back to this
Original Complaint."

        The Court concludes that this language of the Complaint,
standing alone, is not sufficient notice under Rule 15(c).
Otherwise, the Trustee would insert similar language in every

complaint and declare that the opposing party has sufficient notice of any amendment he may make to that complaint.  That is not a proper reading of Rule 15(c).  Rather, a factual nexus must exist between the conduct or transactions alleged in the amendment and those alleged in the original pleading.

In the context of preference or fraudulent transfer actions, courts have found the existence of a factual nexus (i.e., transactions arising from the same pattern of conduct), and thus allowed relation back, where a series of payments are made in equal amounts at uniform periodic intervals.  See Gerardo Leasing, 173 B.R. at 390 (concluding that a stream of weekly payments of $1,500 were sufficiently related to permit amendment to relate back to the original complaint).  Cf. MBC Greenhouse, 307 B.R. at 792-93 (concluding that absent a claim that a series of payments were systematic or schematic, they did not arise out of the same "conduct, transaction, or occurrence" as the payments in the original pleading).

In this case, the Original Complaint against Dent listed a series of six payments that were not made on any regular basis and, except for two payments, were in different amounts.  (See Original Dent Complaint, Exhibit A.)  In the Amended Complaint, the Trustee added twelve payments made to Dent.  (See Amended Dent Complaint, Exhibit A.)  Four of the added payments were not

13

equal in amount nor paid at regular intervals. (See id.) The other eight payments consisted of two payments of $2,625 and six payments of $3,750. (Id.) The eight payments were made monthly, but not on the same day of the month. (Id.) Although the stream of eight payments may show a pattern, there is no indication in the Amended Complaint that the payments are related to the dissimilar, unequal and varied payments listed in the Original Complaint.

On the other hand, the transfers to Dent and Company appear schematic in nature. The Original Complaint against Dent and Company listed thirteen payments of $20,000 made to Dent and Company at inconsistent intervals. (See Dent and Company Original Complaint, Exhibit A.) The Amended Complaint included twenty additional payments. (See Dent and Company Amended Complaint, Exhibit A.) On the Amended list of thirty-three payments, most payments were made in monthly intervals, and the first twelve payments were $20,000 each. (Id.) The next ten payments (payments thirteen through twenty-two) were $40,000 each. (Id.) The twenty-third to thirty-second payments were for $20,000. (Id.) The final payment was for $40,000. (Id.) With the exception of approximately two months that were missed, all payments were made, roughly, on a monthly basis.

Therefore, it appears there is a nexus between the $20,000 payments that were listed in the Original Complaint and the payments added in the Amended Complaint against Dent and Company. Accordingly, the Court agrees with the Trustee that all payments made to Dent and Company appear schematic. However, the Court does not agree that the payments made to Dent are a part of a single schematic pattern of payments. Consequently, the Court concludes that only the additional twenty transfers made to Dent and Company relate back to the Original Complaint.

B.   <u>Second Motion for Leave to Amend and for Consolidation</u>

1.   <u>Standard of Review</u>

Once a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). It is within the Court's discretionary powers to grant or deny a motion for leave to amend. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). <u>See also</u> <u>Global Link Telecom</u>, 327 B.R. at 718.

2.    <u>Second Amended Complaint</u>

The Trustee has filed a Motion seeking leave to file a Second Amended Complaint.  The Defendants oppose the Motion on the following grounds: (1) undue delay; (2) prejudice; (3) the new claims do not relate back to the Original Complaint and, therefore, the amendment is futile; and (4) supplementing the old claims with a new theory is impermissible.

a.    <u>Undue Delay</u>

The Defendants contend that the Trustee's Second Amended Complaint results in undue delay and shows inexcusable neglect. They describe the Trustee's Second Amended Complaint as an attempt to take a "second bite at the apple."  Specifically, they assert that the facts in the proposed amendment were known at the time of the Original Complaint and bankruptcy petition (over one and three years ago, respectively).  <u>See Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc.</u>, 853 F.2d 1139 (4th Cir. 1988) (denying a second motion to amend to add an additional remedy of injunctive relief eight months after original complaint because the movant should have known of the remedy at the time of the original pleading).  The Defendants further assert that they will face a large amount of undue expense as a result of extensive briefing related to the Second Amended Complaint.

16

The Trustee counters that the Defendants' argument is flawed.  Moreover, he asserts that none of the cases cited in support of the Defendants' argument involved a case in which the motion to amend took place within the statute of limitations.

This Court must apply the Delaware choice of law rules to determine which statute of limitations applies.  See, e.g., In re PHP Healthcare Corp., 128 Fed. Appx. 839, 843 (3d Cir. 2005) (applying the choice of law rules of the state in which the bankruptcy court sits); In re Garden Ridge Corp., 338 B.R. 627, 632 (Bankr. D. Del. 2006) ("To determine which state's law to apply, the Court turns to Delaware choice of law rules."). Delaware's choice of law rules require application of "the law of the state of incorporation to issues involving corporate internal affairs." VantagePoint Venture Partners 1996 v. Examen, Inc., 871 A.2d 1108, 1115 (Del. 2005).  A breach of fiduciary duty involves the internal affairs of the corporation.  Coleman v. Taub, 638 F.2d 628, 629 n.1 (3d Cir. 1981).

Here, the Debtor is a Texas corporation, with a mailing address in Yoakum, Texas.  Therefore, despite the Trustee's contention that Delaware law applies, Texas law governs the applicable limitations period.  Schum v. Bailey, 578 F.2d 493, 494-96 (3d Cir. 1978) (concluding that the court should apply the statute of limitations of the state whose substantive law

17

applies).  Texas law provides a four-year statute of limitations for breaches of fiduciary duty.  Tex. Civ. Prac. & Rem. § 16.051 (Vernon 1997); Rowe v. Rowe, 887 S.W.2d 191, 201 (Tex. App. 1994) ("The four-year limitations provision in section 16.051 of the Texas Civil Practice and Remedies Code applies to the breach of fiduciary duty claims . . . .").

Furthermore, "[f]raud prevents the running of the statute of limitations until it is discovered, or by the exercise of reasonable diligence it should have been discovered."  Rowe, 887 S.W.2d at 202.  See also Computer Assocs. Int'l, Inc. v. Altai, Inc., 918 S.W.2d 453, 455-56 (Tex. 1996).

In this case, the allegations of fraud are subsumed in the breach of fiduciary duty claim.  Resolution Trust Corp. v. Bright, 872 F. Supp. 1551, 1565 (N.D. Tex. 1995) ("Under Texas law, breach of fiduciary duty is constructive fraud by virtue of the breach of the duty itself." (citation omitted)).  Dent was the sole director of the Debtor and the President of Circle Y Holding Corporation, the sole shareholder of the Debtor. Consequently, prior to the bankruptcy filing, there was no party, such as the Trustee, with standing to file a derivative or other lawsuit for the breach of fiduciary duty.  As a result, the statute of limitations will expire at the latest on August 20, 2007 – four years after the Trustee's appointment on August 20,

18

2003. <u>Id.</u> at 1564-67 (concluding that under Texas' adverse domination doctrine, when a numerical majority of the board of directors actively participates in wrongdoing or fraud, the limitations period is tolled until such time as the corporation is no longer under the wrongdoers' control). <u>See generally</u> 11 U.S.C. § 108 (2006) (extending the limitations period in bankruptcy cases for causes of action resulting from a non-bankruptcy order or agreement). Therefore, because the statute of limitations has not run, it is not necessary that the claims relate back to the Original Complaint. Consequently, the Court agrees with the Trustee that his Motion to amend was timely.

The Defendants' argument that they will have the added expense of briefing a second motion to dismiss is insufficient justification to deny the Motion to Amend. <u>See</u> <u>UNR Indus., Inc. v. Cont'l Ins. Co.</u>, 623 F. Supp. 1319, 1325 (N.D. Ill. 1985) (rejecting a similar argument). Consequently, the Court does not find undue delay.

b.  <u>Prejudice</u>

The Defendants argue that they are prejudiced in three ways. The Defendants first contend that the lapse of time has prejudiced their ability to prepare adequately for the case. Specifically, they note that many of the payments were made in 2000 (more than six years ago). Memories have faded and

19

witnesses may not be available.  The Court rejects this argument
as unpersuasive.  The Defendants have cited no specific witnesses
or evidence that is now unavailable due to any delay.

In addition, the Defendants maintain that they cannot
prepare for claims that have largely been uncertain.  The
Defendants assert that the Trustee's substantial change in theory
of recovery requires significant new preparation.  The Court
rejects this argument as well.  While the Trustee has issued fact
discovery, the Defendants have not.  The discovery period remains
open and will remain open an additional 120 days following the
Court's decision on the Motions.  Cf. Ross v. Houston Indep. Sch.
Dist., 699 F.2d 218, 229 (5th Cir. 1983) (denying motion to amend
where amendment would add new and complex issues and twenty-six
additional parties, resulting in an extensive amount of
additional discovery); Ohio-Sealy Mattress Mfg. Co. v. Kaplan, 90
F.R.D. 40, 42-44 (N.D. Ill. 1981) (finding undue prejudice where
additional damages were sought in amendment and discovery was at
an advanced stage); Conroy Datsun Ltd. v. Nissan Motor Corp., 506
F. Supp. 1051, 1054 (N.D. Ill. 1980) (denying motion to amend
filed "ten days before the close of discovery").  Further, every
amended complaint requires additional preparation, but that is
not a basis for denying the amendment.  UNR Indus., Inc., 623 F.
Supp. at 1325.

The Defendants also allege that the Trustee used the delay
as a litigation tactic by waiting until after the District Court
had denied their Motion to withdraw the reference.  The
Defendants believe that the District Court may have decided that
motion differently if it had been aware of the Trustee's state
law claims of breach of fiduciary duty.  The Court finds the
allegations unfounded and purely speculative.  See Burtch v.
Dent (In re Circle Y of Yoakum), No. CIV. A. 06-322-KAJ, 2006 WL
2346458, at *2 (D. Del. June 23, 2006) (denying Dent's motion to
withdraw the reference due to an assertion of a right to jury
trial because after nine months, the bankruptcy court had
"familiarize[d] itself with the underlying facts of [the] case"
and possessed the necessary resources to handle the pre-trial
stages of the proceeding); Burtch v. Dent and Company, Inc. (In
re Circle Y of Yoakum), No. CIV. A. 06-327-KAJ, 2006 WL 2346462,
at *2 (D. Del. June 23, 2006) (denying Dent and Company's motion
for the same reasons).  The District Court has reached similar
conclusions in other cases.  See, e.g., In re EXDS, Inc., No.
CIV. A. 06-400-KAJ, 2006 WL 2346419, at *2 (D. Del. July 20,
2006) (denying motion to withdraw the reference based on right to
jury trial and permitting renewal of the "[m]otion at the
conclusion of pre-trial proceedings."); In re Am. Classic Voyages
Co., 337 B.R. 509, 512 (D. Del. 2006) (declining to withdraw the

reference based on jury trial demand because the proceeding was in the "preliminary stages," discovery had not begun, and the action was "a core proceeding with which the Bankruptcy Court [was] familiar, the continued handling of the matter by the . . . [Bankruptcy] Court would foster efficient use of judicial resources, promote uniformity in bankruptcy administration, and avoid confusion."). Accordingly, the Court finds no undue prejudice.

### c.  Futility

The Defendants contend that the amendment is "futile" because the claims should be dismissed. <u>Glassman v. Computervision Corp.</u>, 90 F.3d 617, 623 (1st Cir. 1996) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. . . . In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion."). The Defendants reassert the argument they proffered in the partial motion to dismiss (i.e., none of the claims added in the amendments relate back to the Original Complaint). Similarly, the Trustee reasserts his position that the claims and added facts pertaining to the Management Agreement arise from the same scheme or conduct that was alleged in the Original Complaint, namely that the Defendants used their control as

22

insiders to effectuate the transfer of payments which breached
their fiduciary duty.

The Defendants assert that the transfers were not part of a
concerted scheme and, therefore, do not relate back to the
Original Complaint.  Further, the Defendants argue that the fraud
claims were not pled with sufficient particularity and the
limitations period for the breach of fiduciary claim has expired.

The Court agrees with the Defendants on two points.  First,
as noted above, the Court concludes that the preferential and
fraudulent transfer claims should be dismissed for payments made
to Dent more than one year before the petition date.  Therefore,
to the extent the amendment relates to the dismissed claims
against Dent, it is futile.  Second, the fraud claims against
both Defendants should be dismissed because they were not pled
with sufficient particularity.  However, the Court grants the
Trustee leave to amend the fraud claims.  As the Court concluded
above, all the additional payments to Dent and Company relate
back to the Original Complaint.  Further, the breach of fiduciary
duty claim against Dent and the claim for aiding and abetting the
breach against Dent and Company were filed within the four-year
statute of limitations period.  Therefore, there is no
requirement that the added claims relate back.

The Trustee adds additional facts to the Complaint regarding a Management Agreement between Dent and Company and WEG under which the $20,000 payments were authorized.  The Management Agreement adds detail to the conduct surrounding the schematic payments made to Dent and Company.  Accordingly, the Court concludes that the Management Agreement and its accompanying facts relate back to the Original Complaint.  See In re Kam Kuo Seafood Corp., 67 B.R. 304, 305-06 (Bankr. S.D.N.Y. 1986) ("It has thus been established that an amended complaint will relate back notwithstanding the bar of the statute of limitations if it . . . spells out the details of the transaction originally alleged . . . .").

Consequently, except as to the claims noted above, the Court finds that the requested amendment is not futile.

> d.   Supplementation

The Defendants oppose, without citation to authority, the Trustee's supplementation of facts alleged in the Original and Amended Complaints.  They assert that the new facts were known or should have been known at the time of the original pleading. They particularly object to the addition of information relating to the existence of the Management Agreement and the claims relating to breach of fiduciary duty.

24

The Court disagrees with the assertion that the Second
Amended Complaint is the Trustee's "second bite at the apple."
Rule 15 does not prohibit the addition of information relating to
the same conduct alleged in the original pleading.  Here, the
Management Agreement simply sheds new light on the nature of the
$20,000 payments made to Dent and Company.  Additionally, the
breach of fiduciary duty and aiding and abetting claims arise out
of the same conduct alleged in the Original Complaint (i.e.,
fraudulent and preferential transfers caused by insider control).
Austin Driveway Servs., Inc., 179 B.R. 390, 395 (Bankr. D. Conn.
1995) (concluding that a new cause of action can be added in an
amendment if it arises from the same facts alleged in the prior
pleading).

Therefore, the Court concludes that the supplementation is
proper under Rule 15.

        3.    Consolidation

The Trustee requests consolidation of the Defendants'
adversary proceedings under Rule 42(a) of the Federal Rules of
Civil Procedure.  See Blake v. Farrell Lines, Inc., 417 F.2d 264,
266 (3d Cir. 1969) (stating a court "under Rule 42(a), is given .
. . broad authority to 'make such orders concerning proceedings
therein as may tend to avoid unnecessary delay'"); Honeywell
Intern, Inc. v. Audiovox Commc'ns Corp., Nos. CIV. A. 04-1337-

KAJ, CIV. A. 04-1338-KAJ, CIV. A. 04-1536-KAJ, 2005 WL 2465898, at *2 (D. Del. May 18, 2005).

The Trustee contends that the two cases involve common questions of law and fact.  The request for consolidation is not opposed.

Rule 42(a) provides:

When actions involving a common question of law or fact
are pending before the court, it may order a joint
hearing or trial of any or all the matters in issue in
the actions; it may order all the actions consolidated;
and it may make such orders concerning proceedings
therein as may tend to avoid unnecessary costs or
delay.

Fed. R. Civ. P. 42 (a).  In this case, the two adversary proceedings involve common facts and legal questions.  The claims against the Defendants are premised on their use of their insider status to effectuate the payments.  Dent was Vice-Chairman and the sole director of the Debtor; he was also President and a shareholder of Dent and Company at the time of the transfers. Further, the Trustee alleges, upon information and belief, that Dent owned the Debtor's parent companies and controlled Dent and Company at the time of the alleged events.  Lastly, both Defendants reportedly had the same mailing address.

Accordingly, the Court concludes that consolidation is warranted in this case.

26

C.    <u>Extension of Time to Answer</u>

The Defendants request, pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1), an additional ten days to respond after the decision on their Motion to Dismiss.  The Request is granted.  Because the Court is granting the Trustee leave to amend the Complaint, the Defendants' answer will be due ten days from that amendment.


IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant, in part, the Motions to Dismiss and Motion to Amend and Consolidate.

An appropriate Order is attached.


Dated: November 21, 2006          BY THE COURT:


Mary F. Walrath
United States Bankruptcy Judge